LEMMON, Judge
(concurring).
In its insurance contract defendant obliged itself to “pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury.
By endorsement the contracting parties agreed that defendant’s obligation applied only to the. amount of damages in excess of a stated deductible amount. Defendant did not plead this deduction, but merely denied plaintiff’s allegation that defendant “carried liability insurance for Schweg-mann Bros. Giant Super Markets, covering said store on all damages, resulting from any liability, as set forth herein.”
The policy theréfore covered Schweg-mann’s liability for negligence such as was involved in this case, but provided for an exclusion from the full extent of damages. Defendant’s mere denial of plaintiff’s broad allegation as to insurance coverage, without alluding to the limited grounds for partial denial, was insufficient to support a defense based on the policy exclusion, which the insurer has the burden of pleading and proving. Myevre v. Continental Cas. Co., 245 So.2d 785 (La.App. 4th Cir. 1971).
Nevertheless, I concur in the result under the facts and circumstances of this case.
The purpose of the requirement of pleading an affirmative defense is to alert the plaintiff of the issue in advance of trial and to allow him an opportunity for preparation of his case as to that issue. In the present case plaintiff’s problem is prescription as to her claim against the insured. If defendant by applying for an extension of time had delayed an answer containing the affirmative defense until after the anniversary date of the accident (the answer was filed about three weeks before the year had elapsed), or if defendant had amended its answer after the anniversary date to plead the affirmative defense, the pleading requirements would have been satisfied and plaintiff would have found herself in exactly the same position she now occupies with respect to the prescription problem.
In instituting the suit, plaintiff chose not to sue the insured. Defendant had no obligation in law to alert plaintiff to correct this possible deficiency.
At trial defendant introduced proof of the exclusionary defense without objection. (A timely objection would perhaps have entitled plaintiff merely to additional time to meet this defense. C.C.P. Art. 1154.) Our judgment properly grants defendant the benefit of the proved exclusion. The issue as to plaintiff’s remaining rights, if any, against the insured is not presently before us on this appeal.